UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRAIG CHIVERS and ALICIA MICHELLE CHIVERS, ) ) ) Plaintiffs, ) ) v. ) ) CENTRAL NOBLE COMMUNITY ) SCHOOLS AND ITS EMPLOYEES, ) GERALD WELLMAN and ) BRIAN GILLESPIE, ) ) Defendants. ) | CAUSE NO.: 1:04-CV-394-TS |

**OPINION AND ORDER**

The Plaintiffs, Alicia Michelle Chivers and Craig Chivers, move [DE 87] to make the Court's March 23, 2006, order granting summary judgment for Central Noble Community Schools and Gerald Wellman a final appealable order under Federal Rule of Civil Procedure 54(b). Because the standard under Rule 54(b) does not support the Plaintiff's request, regardless of the Defendants' position on the matter, the Court does not await a response and denies the Motion for the reasons stated herein.

On March 23, 2006, the Court granted summary judgment in favor of the School and Wellman on the Plaintiffs' Title IX, intentional infliction or emotional distress, negligent supervision and retention, and loss of services claims. The Court denied Defendant Brian Gillespie's motion for summary judgment on Plaintiff Alicia Michelle Chivers's § 1983 claim and intentional infliction of emotion distress claim, and Plaintiff Craig Chivers's loss of services claim.

Federal Rule of Civil Procedure 54(b) states that, in cases in which "multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of

the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Directing the entry of final judgment for some of the parties is commonly referred to as "certification." *See, e.g., Columbia Broad. Sys., Inc. v. Amana Refrigeration, Inc.*, 271 F.2d 257, 258 (7th Cir. 1959). Without certification from the district court, the order granting summary judgment to the School and Wellman is not final or appealable. *Curtiss Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The requirements for Rule 54(b)certification are that the claims finally adjudicated be separate, distinct, and independent of any of the remaining claims involved, the judgment entered on the claim be final under 28 U.S.C. § 1291, and a determination by the court be made that there is "no just reason for delay," taking into consideration judicial efficiency and equity. *Curtiss-Wright Corp. v. GE Corp.*, 446 U.S. 1, 8 (1980).

A two-part test applied by the Seventh Circuit to determine whether claims are legally separate directs the court to ask whether separate recovery is possible and whether, if the claims were brought separately, they would violate the prohibition against splitting claims. *ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir.1987).

> Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal. Rather, Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having minimal factual overlap.

*Lottie v. West Am. Ins. Co., of Ohio Cas. Group of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005) (citations omitted); *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515–16 (7th Cir. 2002) (noting that "separate" means separate "not in the sense of arising under a different statute or legal doctrine, . . . but in the sense of involving different facts" because "[o]therwise the appellate court would have to go over the same ground when the judgment terminating the entire case was appealed"). "The test

for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." *Lottie*, 408 F.3d at 939.

The Seventh Circuit identifies the following factors as those a district court should consider in determining whether or not there exists just cause for delay: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir.1980).

Here, the Plaintiffs' Title IX claim against the School and Wellman are legally distinct from the claims against Gillepsie and any recovery against the School Defendants would be separate from the Plaintiffs' recovery against Gillespie. However, the Court cannot say that the remaining claims involve so little factual overlap with the dismissed claims as to be "separate" as required by Rule 54(b). The Plaintiffs' allegations regarding Gillespie's actions, and whether they created a sexually hostile educations environment based on the Plaintiff's sex, is central to both the Title IX claim and the § 1983 equal protection claim. To the extent the standards under Title IX and the equal protection clause are different, any such differences do not affect the presentation of facts at trial. For the claims against the School Defendants, there is an additional finding whether the School's

3

response to the claims of harassment exposes it to liability under Title IX or state tort law. However, even the School's response must be measured in relation to the teacher, Gillespie's, conduct.

The Court also finds that delaying the entry of final judgment is appropriate to avoid the possibility that the reviewing court might be obliged to consider the same issue a second time. If the court of appeals were required to consider an appeal of the order granting summary judgment for the School Defendants and then consider an appeal from judgment on the claims against Gillespie after trial, there would be a significant evidentiary overlap. Moreover, the appellate court may not need to consider an appeal of summary judgment in favor of the School Defendants if the remaining claims are decided in favor of Gillespie on the grounds that there was no hostile educational environment, which is also an element of the Plaintiff's Title IX claim against the School. *See Hendrichsen v. Ball State Univ.*, 107 F.App'x 680, 684 (7th Cir. 2004) (finding that to survive summary judgment on her hostile environment claim, the plaintiff needed to produce evidence that the school was deliberately indifferent to sexual harassment that was so severe or pervasive that it altered the conditions of her education).

The Plaintiffs do not present their reasons for requesting judgment at this stage of litigation, but may be considering a scenario where the School will be sent back for (a second) trial after the Plaintiffs' claims against Gillepsie have already been presented to a jury. However, in *Lottie*, the defendant's argument that it did not want to accept any risk that the court's partial summary judgment rulings would be overturned on appeal, forcing a second trial, did not overcome the requirements that claims be truly separate before judgment is entered on fewer than all claims. 408 F.3d at 938. The norm in litigation is one appeal per case, *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1218 (7th Cir.1990), and the circumstances of this case do not justify otherwise.

4

**CONCLUSION AND ORDER**

For the foregoing reasons, the Plaintiff's Request for Entry of Judgment [DE 87] is DENIED.

SO ORDERED on March 31, 2006.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT